IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LESLIE W.,[1] | 3:20-cv-00805-BR |
|     Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
|     Defendant. | |

**GEORGE J. WALL**
825 N.E. 20th Ave., Ste. 330
Portland, OR  97232
(503) 236-0068

    Attorney for Plaintiff

**SCOTT ERIK ASPAUGH**
Acting United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.  Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**JEFFREY E. STAPLES**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3706

  Attorneys for Defendant

**BROWN, Senior Judge.**

  Plaintiff Leslie W. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

  For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

  On June 27, 2017, Plaintiff protectively filed her application for DIB benefits, and on July 6, 2017, she protectively filed her application for SSI benefits.  Tr. 39,

2 - OPINION AND ORDER

200, 204.[2]  In her applications Plaintiff alleged a disability onset date of June 20, 2016.  Tr. 39, 200, 204.  Plaintiff's applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on February 26, 2019.  Tr. 39, 56-89.  At the hearing Plaintiff amended her alleged disability onset date to February 24, 2017.  Tr. 39, 69-70.  Plaintiff and a vocational expert (VE) testified at the hearing.  Plaintiff was represented by an attorney.

On April 25, 2019, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 39-50.  Plaintiff requested review by the Appeals Council.  On April 13, 2020, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-4.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On May 19, 2020, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

---

[2] Citations to the official Transcript of Record (#12) filed by the Commissioner on October 16, 2020, are referred to as "Tr."

## BACKGROUND

Plaintiff was born on September 2, 1959.  Tr. 200.  Plaintiff was 57 years old on her amended alleged disability onset date.  Plaintiff has a high-school education.  Tr. 1042.  Plaintiff has past relevant work experience as a hairstylist and cosmetologist.  Tr. 41, 60.

Plaintiff alleges disability due to small-fiber neuropathy, leg pain, back pain, numb hands, and neck pain.  Tr. 90-91.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 42-49.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when


there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than

one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so

severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine

whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since February 24, 2017, Plaintiff's amended alleged disability onset date. Tr. 41.

At Step Two the ALJ found Plaintiff has the severe impairments of cervical degenerative-disc disease and osteoarthritis involving the hip and knees. Tr. 42.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of

the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 45.  The ALJ found Plaintiff has the RFC to perform light work "with no more than frequently balancing, stooping, crouching, crawling or overhead reaching and no more than occasional climbing."  Tr. 46.

At Step Four the ALJ concluded Plaintiff is able to perform her past relevant work as a cosmetologist and hairstylist. Tr. 49.

Accordingly, the ALJ found Plaintiff is not disabled. Tr. 50.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed at Step Two to include Plaintiff's small-fiber neuropathy, carpal-tunnel syndrome, and mental-health conditions as severe impairments; (2) failed to provide legally sufficient reasons for discounting the opinion of Karla Causeya, Psy.D., a consultative physician; and (3) failed to include in his assessment of Plaintiff's RFC any limitations for standing and walking.

**I. The ALJ did not err at Step Two in his analysis of Plaintiff's impairments.**

Plaintiff contends the ALJ erred at Step Two when he failed to include Plaintiff's small-fiber neuropathy, carpal-tunnel

9 - OPINION AND ORDER

syndrome, and mental-health conditions as severe impairments.

The Commissioner, in turn, contends the ALJ found Plaintiff has other severe impairments, and, therefore, the ALJ ultimately resolved Step Two in Plaintiff's favor. Thus, the Commissioner, relying on *Buck v. Berryhill*, asserts any failure by the ALJ to find and to include as severe the impairments that Plaintiff identifies does not prejudice Plaintiff. 869 F.3d 1040, 1049 (9th Cir. 2017)(Step Two is "not meant to identify the impairments that should be taken into account when determining the RFC.").

### A. Standards

The inquiry for Step Two is a *de minimis* screening device to dispose of groundless claims. *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)(Step Two inquiry intended to identify claimants whose medical impairments are so slight that it is unlikely the claimants would be found disabled). *See also Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005)(Step Two impairment "may be found not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.")(emphasis in original)). The claimant bears the burden to provide medical evidence to establish at Step Two that she has a severe

impairment.  20 C.F.R. § 404.1512.

At Step Two the ALJ must also consider the combined effect of all the claimant's impairments on her ability to function without regard to whether each impairment is sufficiently severe.  *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).  *See also Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996); 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 416.923.

If the ALJ determines a claimant is severely impaired at Step Two, the ALJ continues with the sequential analysis and considers all of the claimant's limitations.  SSR 96-9p, available at 1996 WL 374184 (July 2, 1996).  Step Two is "merely a threshold determination of whether the claimant is able to perform [her] past work."  *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007).  If an ALJ fails to consider limitations imposed by an impairment at Step Two but considers them at a later step in the sequential analysis, any error at Step Two is harmless.  *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).  *See also Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

**B.   Analysis**

As noted, the ALJ decided Step Two in Plaintiff's favor and found Plaintiff has severe impairments of cervical

11 - OPINION AND ORDER

degenerative-disc disease and osteoarthritis in her hip and knees. Tr. 42. Based on these impairments, the ALJ assessed Plaintiff's RFC as limited to light work with some exertional limitations. Tr. 46.

The ALJ concluded Plaintiff's small-fiber neuropathy is not severe on the ground that the condition is "reasonably well controlled with treatment" including medications, over-the-counter orthotics, and compression stockings. Tr. 42. The ALJ noted in May 2018 that Plaintiff was doing well on medications and was satisfied with her current regimen for the small-fiber neuropathy. Tr. 42, 817. In December 2018 Plaintiff also reported her neuropathy pain was "reasonably well controlled" with medication. Tr. 42, 1024.

The ALJ concluded Plaintiff's carpal-tunnel syndrome is not severe on the grounds that the record does not reflect ongoing complaints by Plaintiff of symptoms related to this condition, and there is not any evidence that the condition has interfered with her work or caused her any manipulative limitations. Tr. 43. The ALJ noted Emily Yamashita, F.N.P., her primary-care provider, referred Plaintiff to a hand surgeon, but Plaintiff never followed up. Tr. 43. Plaintiff testified she did not pursue surgery because she was told "it would be

eight to 12 weeks on each hand" and she does not get sick pay or vacation.  Tr. 80.  The ALJ noted Plaintiff occasionally uses wrist braces at work.  Tr. 43.

The ALJ also concluded Plaintiff's mental-health impairment is not severe on the grounds that Plaintiff's symptoms are caused by "situational stressors," Plaintiff has not sought treatment for her mental-health symptoms, and Plaintiff's depression does not cause more than minimal limitation in her ability to perform basic work activities.  Tr. 43.  The ALJ also relied on the opinions of Susan South, Psy.D., and Bill Hennings, Ph.D., state-agency consultants who opined in 2017 and 2018 that Plaintiff's depressive disorder was not a severe impairment.  Tr. 44, 94-95, 116-17.

Overall the ALJ resolved Step Two in favor of Plaintiff, and the fact that the ALJ did not find all of the impairments alleged by Plaintiff to be severe does not prejudice Plaintiff.  *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017)(Step Two is a threshold determination not meant to identify all impairments, and a failure to identify all severe impairments is harmless error).

Accordingly, the Court concludes on this record that the ALJ did not err at Step Two because he found Plaintiff has

13 - OPINION AND ORDER

the severe impairments of degenerative disc disease of the cervical spine and osteoarthritis in the hip and knees, and the fact that he did not find Plaintiff has other severe impairments was not prejudicial to Plaintiff.

## II. The ALJ did not err in his evaluation of Dr. Causeya's medical opinion.

Plaintiff contends the ALJ erred when he failed to provide legally sufficient reasons for discounting Dr. Causeya's opinion regarding Plaintiff's limitations.

### A. Standards

The Court notes the regulations regarding evaluation of medical evidence have been amended and several of the prior Social Security Rulings, including SSR 96-2p, have been rescinded for claims protectively filed after March 27, 2017. The new regulations provide the Commissioner "will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." *Revisions to Rules Regarding the Evaluation of Medical Evidence* (*Revisions to Rules*), 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68 (Jan. 18, 2017). *See* 20 C.F.R. § 404.1520c(a). Instead the Commissioner must consider all medical opinions and "evaluate their persuasiveness" based on "supportability" and "consistency" using the factors specified in the regulations.
14 - OPINION AND ORDER

20 C.F.R. § 404.1520c(c). Those factors include "supportability," "consistency," "relationship with the claimant," "specialization," and "other factors." *Id.* The factors of "supportability" and "consistency" are considered to be "the most important factors" in the evaluation process. *Id. See also Revisions to Rules*, 82 Fed. Reg. 5844.

In addition, the regulations change the way the Commissioner should articulate his consideration of medical opinions.

> First, we will articulate our consideration of medical opinions from all medical sources regardless of whether the medical source is an AMS [Acceptable Medical Source]. Second, we will always discuss the factors of supportability and consistency because those are the most important factors. Generally, we are not required to articulate how we considered the other factors set forth in our rules. However, when we find that two or more medical opinions . . . about the same issue are equally well-supported and consistent with the record but are not exactly the same, we will articulate how we considered the other most persuasive factors. Third, we added guidance about when articulating our consideration of the other factors is required or discretionary. Fourth, we will discuss how persuasive we find a medical opinion instead of giving a specific weight to it. Finally, we will discuss how we consider all of a medical source's medical opinions together instead of individually.

*Revisions to Rules*, 82 Fed. Reg. 5844.

Although the regulations eliminate the "physician

15 - OPINION AND ORDER

hierarchy," deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [he/she] considered the medical opinions" and "how persuasive [he/she] find[s] all of the medical opinions." 20 C.F.R. § 404.1520c(a) and (b)(1).  The ALJ is required to "explain how [he/she] considered the supportability and consistency factors" for a medical opinion.  20 C.F.R. § 404.1520c(b)(2).  Accordingly, to determine the persuasiveness of a medical opinion the court must evaluate whether the ALJ properly considered the factors as set forth in the regulations.

    **B.  Analysis**

On February 13, 2018, Mischelle McMillan, M.D., Plaintiff's treating provider, noted Plaintiff was mildly depressed, but her speech, behavior, cognition, and memory were normal.  Tr. 968.  On January 28, 2019, Dr. Causeya performed a Psycho-Diagnostic Assessment of Plaintiff.  Tr. 1041-54.  Dr. Causeya diagnosed Plaintiff with major depressive disorder, generalized anxiety disorder, mild neurocognitive disorder without behavioral disturbance, and small-fiber neuropathy.  Tr. 1050.  Dr. Causeya found Plaintiff has moderate limitations in her ability to maintain social functions and adaptation and moderate-to-severe limitations in the following areas:

restriction of activities of daily living; understanding and memory; sustained concentration and persistence; and episodes of deterioration or decompensation in work-like settings. Tr. 1049-50. Dr. Causeya opined Plaintiff is unable to obtain or to maintain gainful employment. Tr. 1051.

The ALJ concluded Dr. Causeya's opinion was "not persuasive" on the grounds that it was not supported by the overall treating notes or mental-status examinations, was based on a single examination, and was inconsistent with the observations of treating providers. Tr. 44. For example, Dr. Causeya noted Plaintiff's "response style may have distorted" Plaintiff's reporting of her symptoms, Plaintiff's response style suggests she "may not have answered in a completely forthright manner," and "the interpretive hypotheses given by the [Personality Assessment Inventory] should be reviewed with caution." Tr. 1047-48. The ALJ also noted Dr. Causeya's opinion regarding Plaintiff's ability to obtain or to maintain employment is inconsistent with the fact that Plaintiff's income has not significantly declined since her alleged disability onset date, Plaintiff is caring for her 13-year-old granddaughter, and Plaintiff is dealing with her 80-year-old mother's medical issues. Tr. 44. As noted, a

17 - OPINION AND ORDER

medical opinion is less persuasive when it is inconsistent with other evidence. 20 C.F.R. §§ 404.12520(c)(2), 416.920(c)(2).

The Court concludes on this record that the ALJ provided legally sufficient reasons supported by substantial evidence in the record for discounting Dr. Causeya's opinion.

### III. The ALJ did not err in his assessment of Plaintiff's RFC.

Plaintiff contends the ALJ erred when he failed to include limitations for standing and walking in his assessment of Plaintiff's RFC.

#### A.   Standards

As noted, if the Commissioner proceeds beyond Step Three of the regulatory sequential evaluation, he must assess the claimant's RFC. The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603

(9th Cir. 1989)).

**B.   Analysis**

As noted, the ALJ concluded Plaintiff is able to perform the full range of light work.  Plaintiff asserts light work requires standing or walking for a total of six hours in an eight-hour workday.  SSR 83-10.  Plaintiff, however, contends the ALJ did not include in his assessment of Plaintiff's RFC any additional limitations for standing and walking due to problems with Plaintiff's lower extremities.

Plaintiff testified at the hearing that her "legs have been killing me for a long time" and that even after using compression stockings she "still [has] problems with my legs."  Tr. 65, 68.  Plaintiff also testified:  "I go to work, do a client, sit down, rest, do a couple more."  Tr. 73.  She also testified she can stand "[p]robably 30, 40 [minutes] maybe" before she has to rest.  Tr. 82.  Plaintiff also asserts her testimony is consistent with the medical records that show she suffers from multiple conditions affecting her lower extremities.

The ALJ, however, discounted Plaintiff's subjective symptom testimony regarding her limitations on the ground that it was inconsistent with the medical evidence.  Plaintiff does

19 - OPINION AND ORDER

not challenge this finding nor does she challenge the ALJ's assessment of other medical evidence in the record.

Although the record reflects Plaintiff suffers from various conditions that affect her lower extremities, Plaintiff does not point to any evidence in the record to show that a medical professional has determined Plaintiff is unable to stand or to walk for at least six hours a day.

The Court concludes on this record that the ALJ did not err by failing to include in his assessment of Plaintiff's RFC any additional limitations for standing or walking beyond that allowed for light work.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 16th day of April, 2021.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge